**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

COMMITTEE FOR A CONSTRUCTIVE
TOMORROW, et al.,

     *Plaintiffs,*

  v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, et al.,

     *Defendants.*

Civ. No. 1:24-cv-00774-LLA

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to Federal Rule of Civil Procedure 8, the United States Department of the

Interior, Deb Haaland in her official capacity as Secretary of the Interior, United States Bureau

of Ocean Energy Management, Elizabeth Klein in her official capacity as Director of the Bureau

of Ocean Energy Management, Gina Raimondo in her official capacity as Secretary of

Commerce, National Marine Fisheries Service, and Janet Coit in her official capacity as the

Assistant Administrator of the National Marine Fisheries Service (collectively, "Federal

Defendants") respond to the allegations in Plaintiffs' First Amended Complaint for Declaratory

and Injunctive Relief (ECF No. 11, "Amended Complaint") as set forth below.  All responses in

the paragraphs of this Answer are to the allegations in the corresponding numbered paragraphs

and sections of the Amended Complaint.  Any allegations not expressly admitted, denied, or

qualified are denied.

1.     Regarding the first sentence of Paragraph 1, Federal Defendants admit that the

Bureau of Ocean Energy Management ("BOEM") issued a Record of Decision ("ROD")

approving the construction and operations plan ("COP") for the Coastal Virginia Offshore Wind

1

Commercial Project ("CVOW Project") on October 31, 2023.  The remaining allegations in the first sentence of Paragraph 1 are a characterization of Plaintiffs' case to which no response is required.  To the extent a response is required, Federal Defendants admit that Plaintiffs have filed a lawsuit purporting to challenge the ROD, but deny any violations of law.  With respect to the second sentence of Paragraph 1, Federal Defendants admit that BOEM issued a Final Environmental Impact Statement ("EIS") evaluating the CVOW Project.  Federal Defendants deny the remaining allegations in the second sentence of Paragraph 1.  Regarding the third sentence of Paragraph 1, Federal Defendants admit that the National Marine Fisheries Service ("NMFS") issued a biological opinion ("BiOp") dated September 18, 2023.  Federal Defendants deny the remaining allegations in the third and fourth sentences of Paragraph 1.

2.       In response to the allegations in the first sentence of Paragraph 2, Federal Defendants admit that the CVOW Project is located approximately 25 miles off the coast of Virginia Beach, VA and may consist of up to 176 wind turbines.  Federal Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 2 and deny them on that basis.  In response to the allegations in the second sentence of Paragraph 2, Federal Defendants admit that the CVOW Project is located within the North Atlantic Right Whale ("NARW") seasonal migratory corridor.  The remaining allegations in the second sentence of Paragraph 2 regarding the alleged number of potential future projects and their potential proximity to NARW habitat are too vague and ambiguous to permit a response because they do not specify what is meant by "habitat" and assume construction of unidentified projects that have not yet been permitted.  On that basis, Federal Defendants deny the allegations.  In response to the allegations in the third sentence of Paragraph 2, Federal Defendants admit that the CVOW Project will involve construction-related activities, including

pile driving, and that some related incidental, non-lethal take of NARW is anticipated.  The allegation in the third sentence of Paragraph 2 comparing the CVOW Project to other "industrial-scale offshore wind [] energy projects" is vague and ambiguous as to what other projects are being referenced, and Federal Defendants deny the allegation on that basis.  Federal Defendants deny the remaining allegations in the third sentence of Paragraph 2.  With respect to Plaintiffs' allegation in the fifth sentence of Paragraph 2 that the NARW population consists of "only 332 individuals," Federal Defendants admit that the NARW population is less than 400 individuals but lack knowledge sufficient to form a belief as to the exact number of NARW remaining.  Federal Defendants deny the remaining allegations in Paragraph 2.

3.       In response to the allegations in Paragraph 3, Federal Defendants admit that BOEM is charged with permitting for wind farms subject to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq*.  The remaining allegations in Paragraph 3 are vague and ambiguous as to what constitutes a "comprehensive and aggressive campaign," and as to what Plaintiffs are alleging the Government's role is in that campaign, and Federal Defendants deny the allegations on that basis.

4.       Federal Defendants admit that President Biden issued Executive Order 14008 on January 27, 2021.  The remaining allegations in Paragraph 4 characterize that Executive Order, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of Executive Order 14008.

5.       The allegations in Paragraph 5 purport to characterize a press release issued by the U.S. Department of the Interior ("Interior") on March 29, 2021, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the cited press release.

6.     The allegations in Paragraph 6 purport to characterize the "Draft BOEM and NOAA Fisheries North Atlantic Right Whale and Offshore Wind Strategy" published in October 2022, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the cited document.

7.     Federal Defendants admit the allegations in the first sentence of Paragraph 7.  In response to the allegations in the second sentence of Paragraph 7, Federal Defendants admit that NMFS had issued BiOps for six offshore wind projects ("OSW projects") as of the date of Plaintiffs' Amended Complaint.  Federal Defendants deny that BOEM "approved" those BiOps. The remaining allegations in Paragraph 7 purport to characterize BiOps for unspecified OSW projects and the Final EIS for the CVOW Project.  NMFS's BiOps and the Final EIS for the CVOW Project speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of those documents.

8.     The allegations in Paragraph 8 are vague and ambiguous as to the number of OSW projects for which Plaintiffs are alleging Final and Draft EISs have been published, and Federal Defendants deny the allegations on that basis.  Federal Defendants aver that BOEM has published Final and Draft EISs for eight COPs and has published Draft EISs for three additional COPs.

9.     Federal Defendants deny the allegations in the first sentence of Paragraph 9.  The allegations in the second sentence of Paragraph 9 are vague and ambiguous as to the environmental impacts being alleged and the resources those alleged impacts would affect, and Federal Defendants deny the allegations on that basis.

10.     In response to the allegations in the first sentence of Paragraph 10, Federal Defendants admit that NARW are expected to migrate through or near the Atlantic eastern seaboard Wind Energy Areas, including the Wind Energy Area for the CVOW Project, but deny any remaining allegations.  Federal Defendants deny the allegations in the first clause of the second sentence of Paragraph 10.  The allegations in the second clause of the second sentence of Paragraph 10 are vague and ambiguous as to the historical events being referenced and Federal Defendants deny the allegations on that basis.

11.     In response to the allegations in Paragraph 11, Federal Defendants admit that take of NARW in the form of harassment only from pile driving noise is anticipated during the construction phase of the CVOW Project, that NARW may migrate through the area of the CVOW Project and opportunistically feed, and that fewer than 400 NARW remain.  Federal Defendants deny the remaining allegations in Paragraph 11.

12.     Federal Defendants admit the allegations in the first sentence of Paragraph 12. Federal Defendants deny the allegations in the second and third sentences of Paragraph 12.  The allegations in the fourth sentence of Paragraph 12 are vague and ambiguous as to the "other non-OSW sources" and potential take of NARW being referenced, and Federal Defendants deny the allegations on that basis.  Federal Defendants deny the allegations in the fifth and sixth sentences of Paragraph 12.

13.     The allegations in first sentence of Paragraph 13 purport to characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Council on Environmental Quality's ("CEQ") implementing regulations, 40 C.F.R. Pt. 1500, which speak for themselves are the best evidence of their contents.  Federal Defendants deny any allegations

inconsistent with the plain language, meaning, and context of the referenced statute and regulations.  Federal Defendants deny the remaining allegations in Paragraph 13.

14.     The first two sentences of Paragraph 14 purport to characterize section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ESA.  In response to the allegations in the third sentence of Paragraph 14, Federal Defendants admit that NMFS issued a BiOp assessing the effects of the CVOW Project.  The remaining allegations in the third sentence purport to characterize the BiOp for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced BiOp.

15.     Federal Defendants admit the allegation in the first sentence of Paragraph 15. Federal Defendants deny the remaining allegations in Paragraph 15.

16.     The allegations in the fourth and fifth sentences of Paragraph 16 purport to characterize 50 C.F.R. § 402.14(k) and the ESA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulation.  Federal Defendants deny the remaining allegations in Paragraph 16.

17.     Federal Defendants deny the allegations in Paragraph 17.

18.     Federal Defendants deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are a characterization of Plaintiffs' case to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief whatsoever.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

21.     The allegations in the first sentence of Paragraph 21 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.  Regarding the second sentence of Paragraph 21, Federal Defendants admit that the Committee for a Constructive Tomorrow ("CFACT") and the Heartland Institute submitted a 33-page comment letter to BOEM regarding the Draft EIS for the CVOW Project dated February 13, 2023.  The remaining allegations in the second sentence of Paragraph 21 purport to characterize that letter, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced comment letter.  Regarding the third, fourth, and fifth sentences of Paragraph 21, Federal Defendants admit that CFACT and the Heartland Institute submitted a letter to NMFS and BOEM dated November 11, 2023, and that the National Legal and Policy Center ("NLPC") and Peter Flaherty submitted a letter to NMFS and BOEM dated March 7, 2024.  The remaining allegations in the third, fourth, and fifth sentences of Paragraph 21 purport to characterize those letters, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letters.

22.     The allegations in Paragraph 22 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

23.     The allegations in Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants admit the allegations.

24.     With respect to the allegations in the sixth sentence of Paragraph 24, Federal Defendants admit that CFACT submitted comments to BOEM on the Draft EIS for the CVOW Project and to BOEM and NMFS on the Draft BOEM and NOAA Fisheries North Atlantic Right Whale and Offshore Wind Strategy.  Federal Defendants deny that CFACT or the "Save the Right Whale Coalition" submitted comments on Dominion Energy's application to NMFS for an Incidental Harassment Authorization or on the BiOp for the CVOW Project.  The remaining allegations in the sixth sentence of Paragraph 24 purport to characterize the comments, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning and context of the comments.  With respect to the eighth sentence of Paragraph 24, Federal Defendants admit that CFACT is a signatory to the November 11, 2023, letter to BOEM and NMFS ("notice letter").  The remaining allegations in the eighth sentence of Paragraph 24 are legal conclusions to which no response is required and purport to characterize the notice letter, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the notice letter.  Federal Defendants deny the allegation in the eleventh sentence of Paragraph 24 as to the "project-related impacts" to the NARW.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and deny them on that basis.

25.     With respect to the allegations in the sixth sentence of Paragraph 25, Federal Defendants admit that the Heartland Institute was a signatory to comments submitted to BOEM on the Draft EIS for the CVOW Project and to BOEM and NMFS on the Draft BOEM and NOAA Fisheries North Atlantic Right Whale and Offshore Wind Strategy.  Federal Defendants deny that the Heartland Institute or the "Save the Right Whale Coalition" submitted comments

on Dominion Energy's application to NMFS for an Incidental Harassment Authorization. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sixth sentence of Paragraph 25 and deny them on that basis. Regarding the seventh sentence of Paragraph 25, Federal Defendants admit that the Heartland Institute signed the November 11, 2023, letter to BOEM and NMFS.  The remaining allegations in the seventh sentence purport to characterize the November 11, 2023 letter, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced letter.  Federal Defendants deny the allegation in the eleventh sentence of Paragraph 25 as to the "project-related impacts" to the NARW.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and deny them on that basis.

26.     Federal Defendants deny the allegations in the eleventh and twelfth sentences of Paragraph 26.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and deny them on that basis.

27.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.     Federal Defendants admit the allegations in Paragraph 29.

30.     Federal Defendants admit that Deb Haaland is the Secretary of the United States Department of the Interior and that she oversees BOEM.  The remaining allegations in the first, second, and third sentences of Paragraph 30 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.  In

response to the allegations in the fourth sentence of Paragraph 30, Federal Defendants admit that Secretary Haaland is sued in her official capacity as Secretary of the Interior.

31.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 31.  Federal Defendants deny the allegations in the third sentence of Paragraph 31.  In response to the allegations in the fourth sentence of Paragraph 31, Federal Defendants admit that BOEM issued a ROD regarding the CVOW Project and approved the CVOW COP.  The remaining allegations in Paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

32.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 32.  In response to the allegations in the third sentence of Paragraph 32, Federal Defendants admit that Director Klein is sued in her official capacity as Director of BOEM.

33.     Federal Defendants admit the allegations in Paragraph 33.

34.     Federal Defendants admit the allegations in Paragraph 34.

35.     In response to the first sentence of Paragraph 35, Federal Defendants deny that Janet Coit is the "acting Director of NMFS" and aver that Janet Coit is the Assistant Administrator for NMFS.  Federal Defendants deny that Assistant Administrator Coit personally oversaw the preparation and issuance of the BiOp for the CVOW Project, but admit the remaining allegations in Paragraph 35

36.     In response to the first sentence in Paragraph 36, Federal Defendants admit that Virginia Electric and Power Company, d/b/a Dominion Energy Virginia ("DEV") is co-Defendant.  The remaining allegations in the first sentence of Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and aver that the only necessary defendant to an APA claim challenging agency

action is the federal agency whose action (or inaction) is being challenged.  In response to the third sentence of Paragraph 36, Federal Defendants admit that DEV was the applicant and is now the owner and proposed operator of the CVOW Project, and NMFS has exempted certain specified NARW take related to DEV's actions constructing and operating the CVOW Project under the COP.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and deny them on that basis.

37.     The allegations in Paragraph 37 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

38.     The allegations in Paragraph 38 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

39.     The allegations in Paragraph 38 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

40.     The allegations in Paragraph 40 purport to characterize NEPA and the CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute and regulations.

41.     The allegations in Paragraph 41 purport to characterize NEPA, CEQ's implementing regulations, and court opinions, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute, regulations, and court opinions.

42.     The allegations in Paragraph 42 purport to characterize NEPA and CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute and regulations.

43.     The allegations in Paragraph 43 purport to characterize NEPA and CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute and regulations.

44.     The allegations in Paragraph 44 purport to characterize NEPA, CEQ's implementing regulations, and a court opinion, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute, regulations, and court opinion.

45.     The allegations in Paragraph 45 purport to characterize NEPA, CEQ's implementing regulations, and a court opinion, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute, regulations, and court opinion.

46.     The allegations in Paragraph 46 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.

47.     The allegations in Paragraph 47 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.

48.     The allegations in Paragraph 48 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.

49.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 49.  The allegations in the third and fourth sentence of Paragraph 49 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and aver that NMFS generally has responsibility for implementing the ESA with respect to marine and anadromous species under the Secretary of Commerce's jurisdiction, including the NARW.  Federal Defendants further aver that the U.S. Fish and Wildlife Service generally has responsibility for implementing the ESA with respect to terrestrial and freshwater species and certain marine species under the Secretary of the Interior's jurisdiction, including polar bears and walruses.

50.     The allegations in Paragraph 50 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.  Federal Defendants admit that NMFS generally has responsibility for listing marine species under the Secretary of Commerce's jurisdiction and that the NARW is a species listed under the ESA.

51.     The allegations in the first through fifth sentences of Paragraph 51 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.  Regarding the sixth sentence of Paragraph 51, Federal Defendants admit that the Secretary of Commerce has delegated the task of designating critical habitat for species under her jurisdiction to NMFS.

52.     The allegations in Paragraph 52 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.

53.     The allegations in the first and second sentences of Paragraph 53 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.  Regarding the third sentence of Paragraph 53, Federal Defendants admit that NMFS is the consulting agency for section 7 consultation regarding species under NMFS's jurisdiction.

54.     The allegations in Paragraph 54 purport to characterize NMFS and the U.S. Fish and Wildlife Service's Consultation Handbook ("Consultation Handbook"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced Consultation Handbook.

55.     The allegations in the first sentence of Paragraph 55 purport to characterize the preamble to the 1986 iteration of the section 7 consultation regulations, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced preamble.  The allegations in the second sentence of Paragraph 55 purport to characterize the section 7 regulations in effect when NMFS completed the consultation at issue in this case, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced regulations.

56.     The allegations in the first four sentences of Paragraph 56 purport to characterize the section 7 consultation process as described in the Consultation Handbook, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced Consultation Handbook.  The allegations in the fifth sentence of Paragraph 56 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.

57.      The allegations in Paragraph 57 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.

58.     The allegations in Paragraph 58 purport to characterize the Services' ESA section 7 implementing regulations, 50 C.F.R. § 402 *et seq.*, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced regulations.

59.     The allegations in Paragraph 59 purport to characterize the ESA and the Services' ESA section 7 implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute and regulations.

60.     The allegations in Paragraph 60 are conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

61.     The allegations in Paragraph 61 purport to characterize the ESA and regulations implementing the ESA, 50 C.F.R. Pt. 17, which speak for themselves and are the best evidence

of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute and regulations.

62.     The allegations in the first sentence of Paragraph 62 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.  The allegations in the second sentence of Paragraph 62 are characterizations of Plaintiffs' claims in this case to which no response is required.  The allegations in the third sentence of Paragraph 62 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

63.     Federal Defendants admit that President Biden issued Executive Order 14008 on January 27, 2021.  The remaining allegations in Paragraph 63 purport to characterize Executive Order 14008, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced Executive Order.

64.     The allegations in the first sentence of Paragraph 64 purport to characterize a Fact Sheet dated February 1, 2021, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced Fact Sheet.  The second sentence of Paragraph 64 purports to characterize a map of offshore lease areas included in the Final EIS for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Final EIS.  With respect to the remaining allegations in the second sentence of Paragraph 64, Federal Defendants admit that they possess regulatory authority for various aspects of the offshore wind leasing

16

process; to the extent Plaintiffs are alleging the Federal Defendants' execution of those responsibilities is improper, those allegations are denied as are any remaining allegations in the second sentence.  Federal Defendants admit the allegations in the third sentence of Paragraph 64.

65.     Federal Defendants admit the allegations in the first sentence of Paragraph 65. The allegations in the second sentence of Paragraph 65 appear to characterize either the COP for the CVOW Project or the ROD, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with those documents they are denied. Federal Defendants admit that BOEM's decision on the COP allows for the construction of a 2,587 MW wind energy facility consisting of 176 wind turbine generators ("WTGs") (inclusive of seven spare WTG positions), subject to applicable mitigation measures.

66.     The first sentence of Paragraph 66 purports to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.  The allegations in the second sentence of Paragraph 66 are vague and ambiguous as to the number of EISs Plaintiffs are alleging have been published, and Federal Defendants deny the allegations on that basis.  Federal Defendants aver that BOEM has published Final and Draft EISs for eight COPs and has published Draft EISs for three additional COPs.  The third, fourth, and fifth sentences of Paragraph 66 purport to characterize unspecified Draft or Final EISs for Atlantic coast OSW projects, unspecified applications for incidental harassment authorizations under the Marine Mammal Protection Act, and unspecified Records of Decision for OSW projects.  These documents speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced materials.  With respect to the allegations in the last sentence of Paragraph 66, Federal

Defendants admit that they have set a target under EO 14008 to deploy 30 Gigawatts of offshore wind energy by 2030.  The remaining allegations in the sixth sentence of Paragraph 66 are vague and ambiguous as to what is meant by "an integrated plan" to construct wind energy facilities, and Federal Defendants deny the allegations on that basis.

67.     Federal Defendants admit the allegations in the first sentence of Paragraph 67. The allegations in the second and third sentences of Paragraph 67 purport to characterize the Final EIS for the CVOW Project, including Map 3.15-1, and the draft *BOEM and NOAA Fisheries North Atlantic Right Whale and Offshore Wind Strategy*, which are the best evidence of their contents and speak for themselves.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of these documents.  Federal Defendants deny the remaining allegations in Paragraph 67.

68.     Federal Defendants deny the allegations in Paragraph 68.

69.     Federal Defendants admit that BOEM and NMFS issued the draft *BOEM and NOAA Fisheries North Atlantic Right Whale and Offshore Wind Strategy.*  The remaining allegations in Paragraph 69 purport to characterize the draft *BOEM and NOAA Fisheries North Atlantic Right Whale and Offshore Wind Strategy*, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced document.

70.      Federal Defendants admit that BOEM released the Draft EIS for the CVOW Project.  The remaining allegations in Paragraph 70 purport to characterize the Draft EIS for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced Draft EIS.

18

71.     Federal Defendants admit that CFACT and the Heartland Institute submitted a February 13, 2023, comment letter.  The remaining allegations in Paragraph 71 purport to characterize the February 13, 2023, comment letter from CFACT and the Heartland Institute to BOEM, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced comment letter.  Federal Defendants deny the allegations in the comment letter, which Plaintiffs purport to incorporate by reference into their Amended Complaint.  Federal Defendants also deny any violation law.

72.     Federal Defendants admit the allegations in the first sentence of Paragraph 72. The allegations in the second and third sentences of Paragraph 72 characterize the BiOp for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced BiOp.

73.     The allegations in Paragraph 73 purport to characterize the BiOp and COP for the CVOW Project, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced BiOp and COP.

74.      The allegations in Paragraph 74 purport to characterize the BiOp for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced BiOp.

75.     Federal Defendants admit the allegations in Paragraph 75.

19

76.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 76.  The remaining allegations in Paragraph 76 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

77.     Federal Defendants admit that BOEM approved the COP for the CVOW Project, subject to conditions, on January 24, 2024, but deny any remaining allegations in Paragraph 77.

78.     Federal Defendants admit that on February 5, 2024, NMFS issued Dominion a Letter of Authorization valid for 5 years exempting specified take under the Marine Mammal Protection Act related to the construction and operation of the CVOW project.  Federal Defendants deny the remaining allegation in Paragraph 78.

79.     Federal Defendants admit that NLPC and Peter Flaherty submitted a 60-Day Notice of Intent to Sue letter dated Marcy 7, 2024, and that CFACT submitted a 60-Day Notice of Intent to Sue letter dated November 11, 2023.  The remaining allegations in Paragraph 79 purport to characterize NLPC and Peter Flaherty's 60-Day Notice of Intent to Sue and CFACT's 60-Day Notice of Intent to Sue, respectively, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced letters.

80.     To the extent the allegations in Paragraph 80 purport to characterize the terms of BOEM's approval of the COP for the CVOW Project, that document speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of BOEM's approval of the COP for the CVOW Project. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and deny them on that basis.  Federal Defendants aver

20

that the approval status of the referenced mitigation plans was explained in detail in the Defendants' joint status report filed May 3, 2024 (ECF No. 17).

81.     Federal Defendants incorporate by reference Paragraphs 1-80 in response to the corresponding paragraphs of Plaintiffs' Amended Complaint.

82.     Federal Defendants admit that BOEM issued a Final EIS and ROD for the CVOW Project COP.  Federal Defendants deny the remaining allegations in Paragraph 82.

83.     The allegations in Paragraph 83 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute and regulations.

84.     Federal Defendants deny the allegations in Paragraph 84.

85.     Federal Defendants deny the allegations in Paragraph 85.

86.     Federal Defendants incorporate by reference Paragraphs 1-85 in response to the corresponding paragraphs of Plaintiffs' Amended Complaint.

87.     The allegations in Paragraph 87 purport to characterize section 7 of the ESA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced statute.

88.     The allegations in Paragraph 88 purport to characterize the BiOp for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced BiOp.

89.     The allegations in Paragraph 89 purport to characterize the BiOp for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny

any allegations inconsistent with the plain language, meaning, and context of the referenced BiOp.

90.     The allegations in Paragraph 90 purport to characterize the BiOp for the CVOW Project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced BiOp.

91.     The allegations in Paragraph 91 purport to characterize the ESA and its section 7 implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the referenced statute and regulations.  Federal Defendants deny the remaining allegations in Paragraph 91.

92.     The allegation in Paragraph 92 that "other BOEM-approved OSW projects" have "each [been] granted an ITS authorizing take of NARW" is vague and ambiguous as to which OSW projects are being referenced, and Federal Defendants deny the allegation on that basis. Federal Defendants deny the remaining allegations in Paragraph 92.

93.     Federal Defendants deny the allegations in Paragraph 93.

94.     Federal Defendants deny the allegations in the first sentence of Paragraph 94. The allegations in the second sentence of Paragraph 94 are vague and ambiguous as to what other projects and activities are being referenced, and Federal Defendants deny the allegations on that basis.

95.      Federal Defendants deny the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 purport to characterize Plaintiffs' 60-day Notices of Intent to Sue, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Federal Defendants deny the allegations.

97.     Federal Defendants deny the allegations in Paragraph 97.

98.     Federal Defendants incorporate by reference Paragraphs 1-97 in response to the corresponding paragraphs of Plaintiffs' Amended Complaint.

99.     The allegations in Paragraph 99 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

100.    Federal Defendants deny the allegations in Paragraph 100.

101.    In response to the allegations in the first and second sentences of Paragraph 101, Federal Defendants admit that NMFS prepared and BOEM received the BiOp for the CVOW Project, that BOEM is following the reasonable and prudent measures and terms and conditions of the BiOp in order to comply with the ESA, and that BOEM did not request reinitiation of consultation.  Federal Defendants deny the remaining allegations in Paragraph 101.

102.    Federal Defendants deny the allegations in Paragraph 102.

103.    Federal Defendants incorporate by reference Paragraphs 1-102 in response to the corresponding paragraphs of Plaintiffs' Amended Complaint.

104.    The allegations in Paragraph 104 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

105.    The allegations in Paragraph 104 purport to characterize a court opinion, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the referenced opinion.

106.    Federal Defendants deny the allegations in the first and second sentences of Paragraph 106.  The allegations in the third sentence of Paragraph 106 are vague and ambiguous as to what "data showing that Passive Acoustic Monitoring . . . has a very high 'miss-rate'" is

being referenced, and Federal Defendants deny the allegations on that basis.  The allegations in

the fourth sentence of Paragraph 106 purport to characterize the BiOp for the CVOW Project and

unspecified information submitted Dr. Robert Stern, which speak for themselves and are the best

evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain

language, meaning, and context of the BiOp and referenced data.  Federal Defendants deny any

remaining allegations in Paragraph 106 and deny any violation of law.

107.    Federal Defendants deny the allegations in Paragraph 107.

108.    Federal Defendants deny the allegations in Paragraph 108.

109.    Federal Defendants deny the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are legal conclusions to which no response is

required.  To the extent a response is required, Federal Defendants deny any violation of law and

deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## PRAYER FOR RELIEF

The remainder of the Amended Complaint constitutes Plaintiffs' request for relief, to

which no response is required.  To the extent a response is required, Federal Defendants deny

that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Federal Defendants deny any

allegations in the Complaint, whether express or implied, that are not specifically admitted,

denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.      One or more of Plaintiffs' claims for relief fail to state a claim upon which relief can be granted.

3.      Plaintiffs lack standing to pursue one more of their claims.

4.      One or more Plaintiffs have failed to exhaust administrative remedies and/or have otherwise waived certain claims.

WHEREFORE, Federal Defendants requests that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted,

DATED:  May 23, 2024

*Of Counsel:*

Stephen R. Vorkoper
Lori R. Monroe
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240

Brandon Sousa
Attorney-Advisor
National Oceanic and Atmospheric
Administration
Office of General Counsel, Fisheries and
Protected Resources Section
1315 East-West Highway
Silver Spring, MD 20910
(240) 621-1302
brandon.sousa@noaa.gov

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Mark Arthur Brown*
MARK ARTHUR BROWN
D.C. Bar No. 470050
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0204
Fax: (202) 305-0275
E-mail: mark.brown@usdoj.gov

AMANDA K. RUDAT
ME Bar No. 010329
Natural Resources Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 532-3201
amanda.rudat@usdoj.gov

*Counsel for the United States*

25

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Mark Arthur Brown*
Mark Arthur Brown