IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMITTEE FOR A CONSTRUCTIVE TOMORROW, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants. | Case No. 24-cv-00774 (LLA) <br><br> Hon. Loren L. AliKhan |

## **DOMINION ENERGY VIRGINIA'S ANSWER TO FIRST AMENDED COMPLAINT**

In Answer to the First Amended Complaint ("Complaint") filed by Plaintiffs in this action (Dkt. 11), Defendant Virginia Electric and Power Company d/b/a Dominion Energy Virginia ("DEV"), by and through its attorneys, respectfully states as follows, with the numbered paragraphs herein corresponding to the numbered paragraphs of the Complaint:

1.  DEV admits that the Bureau of Ocean Energy Management ("BOEM") and the National Marine Fisheries Service ("NMFS") issued a Record of Decision ("ROD") for the Coastal Virginia Offshore Wind Commercial Project ("CVOW") on October 31, 2023.  The remaining allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of their case, to which no response is required.  DEV denies the remaining allegations in Paragraph 1.

2.  DEV admits the allegations in the first sentence of Paragraph 2, except to state that the CVOW lease area is approximately 27 miles off the coast of Virginia Beach.  The allegations in the second sentence of Paragraph 2 are vague and DEV is without knowledge or

information sufficient to form a belief as to their truth, and therefore denies the allegations. DEV denies the remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

4. DEV admits that President Biden issued Executive Order 14008 on January 27, 2021. The remaining allegations in Paragraph 4 purport to characterize Executive Order 14008, which speaks for itself and is the best evidence of its contents. To the extent a response is required, DEV denies any allegation inconsistent with that document.

5. The allegations in Paragraph 5 purport to characterize a press release, which speaks for itself and is the best evidence of its contents. To the extent a response is required, DEV denies any allegation inconsistent with that document.

6. The allegations in Paragraph 6 purport to characterize a draft strategy document, which speaks for itself and is the best evidence of its contents. To the extent a response is required, DEV denies any allegation inconsistent with that document. DEV also is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the allegations.

7. DEV admits that the CVOW Biological Opinion issued by NMFS ("BiOp") authorizes only Level B temporary noise disturbance harassment of North Atlantic right whales ("NARW") and does not authorize Level A take of NARW. On information and belief, DEV also admits that no other BiOp issued by NMFS for an offshore wind project authorizes Level A take of NARW. The remaining allegations in Paragraph 7 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

8. The allegations in Paragraph 8 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

9. The allegations in Paragraph 9 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

10. The allegations in Paragraph 10 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

11. DEV denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.  To the allegations in the final sentence of Paragraph 12, DEV further responds that the Final Environmental Impact Statement ("EIS") and BiOp for CVOW comply with applicable law.

13. The allegations in the first sentence of Paragraph 13 are conclusions of law and purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself.  To the extent a response is required, DEV denies that Paragraph 13 completely and accurately characterizes and describes NEPA, its implementing regulations, or case law, and denies any allegations inconsistent with NEPA.  DEV denies the remaining allegations in Paragraph 13.

14. DEV admits that NMFS issued a BiOp that concluded its Endangered Species Act ("ESA") Section 7 consultation with BOEM for CVOW.  The remaining allegations in Paragraph 14 are conclusions of law and purport to characterize the ESA, which speaks for itself.  To the extent a response is required, DEV denies that Paragraph 14 completely and accurately characterizes and describes the ESA, its implementing regulations, and case law, and denies any allegations inconsistent with the ESA.

15. DEV admits the allegations in the first sentence of Paragraph 15. DEV denies the remaining allegations in Paragraph 15.

16. DEV denies the allegations in Paragraph 16.

17. DEV denies the allegations in Paragraph 17.

18. DEV denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 consist of Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, DEV denies that Plaintiffs are entitled to the relief they seek, or to any relief whatsoever, from this Court.

20. The allegations in Paragraph 20 consist of conclusions of law, to which no response is required. To the extent a response is required, DEV denies the allegations.

21. DEV denies the allegations in Paragraph 21.

22. DEV denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 consist of conclusions of law, to which no response is required. To the extent a response is required, DEV denies the allegations.

24. The allegations in Paragraph 24 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations. DEV further denies that Plaintiff CFACT or its members are harmed by CVOW, and denies that Plaintiff CFACT or its members have standing to bring this lawsuit.

25. The allegations in Paragraph 25 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations. DEV further denies that Plaintiff Heartland Institute or its members are harmed by CVOW, and denies that Plaintiff Heartland Institute or its members have standing to bring this lawsuit.

26. The allegations in Paragraph 26 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations. DEV further denies that Plaintiff Craig Rucker is harmed by CVOW or has standing to bring this lawsuit.

27. The allegations in Paragraph 27 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations. DEV further denies that Plaintiff National Legal and Policy Center or its members are harmed by CVOW, and denies that Plaintiff National Legal and Policy Center or its members have standing to bring this lawsuit.

28. The allegations in Paragraph 28 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations. DEV further denies that Plaintiff Peter Flaherty is harmed by CVOW and has standing to bring this lawsuit.

29. DEV admits the allegations in Paragraph 29.

30. The allegations in Paragraph 30 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

31. DEV admits the allegations in the first sentence of Paragraph 31. DEV further admits the BOEM consulted with NMFS under the ESA, issued a ROD, and approved the Construction and Operations Plan ("COP") for CVOW, incorporating the BiOp's terms and conditions. The remaining allegations in the second, third, and fourth sentences of Paragraph 31 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations. DEV denies the allegations in the final two sentences of Paragraph 31.

32. DEV admits the allegations in the first sentence of Paragraph 31. The remaining allegations in Paragraph 32 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

33. DEV admits that Gina Raimondo is Secretary of the U.S. Department of Commerce, and that NMFS is an agency within that agency. The remaining allegations in Paragraph 33 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

34. DEV admits the allegations in the first and third sentences of Paragraph 34. The remaining allegations in Paragraph 34 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

35. DEV states that Janet Coit is the Assistant Administrator for National Oceanic and Atmospheric Administration Fisheries. The remaining allegations in Paragraph 35 are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

36. DEV admits that it is a regulated public utility headquartered in Richmond, Virginia, that provides electricity to customers in Virginia and North Carolina. DEV denies that it supplies electricity in South Carolina as alleged in the first sentence of Paragraph 36, denies that it supplies natural gas in the states set forth in the first sentence of Paragraph 36, and denies that it has generation facilities in the states set forth in the second sentence of Paragraph 36. DEV admits the allegations in the third sentence of Paragraph 36.

37. DEV admits the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are conclusions of law and purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself. To the extent a response is

required, DEV denies that Paragraph 38 completely and accurately characterizes and describes the APA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited statute.

39. The allegations in Paragraph 39 are conclusions of law and purport to characterize the APA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 39 completely and accurately characterizes and describes the APA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited statute.

40. The allegations in Paragraph 40 are conclusions of law and purport to characterize NEPA and its implementing regulations, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 40 completely and accurately characterizes and describes NEPA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited statutes or regulation.

41. The allegations in Paragraph 41 are conclusions of law and purport to characterize NEPA, its implementing regulations, and case law, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 41 completely and accurately characterizes and describes NEPA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited statute, regulation, or case law.

42. The allegations in Paragraph 42 are conclusions of law and purport to characterize NEPA and its implementing regulations, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 42 completely and accurately characterizes and describes NEPA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited regulations.

43. The allegations in Paragraph 43 are conclusions of law and purport to characterize the APA, NEPA, and NEPA's implementing regulations, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 43 completely and accurately characterizes and describes the APA or NEPA, their implementing regulations, and case law, and denies any allegations inconsistent with the cited statute and regulation.

44. The allegations in Paragraph 44 are conclusions of law and purport to characterize NEPA and case law, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 44 completely and accurately characterizes and describes NEPA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited case law.

45. The allegations in Paragraph 45 are conclusions of law and purport to characterize NEPA, its implementing regulations, and case law, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 45 completely and accurately characterizes and describes NEPA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute, regulations, or case law.

46. The allegations in Paragraph 46 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 46 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statutes.

47. The allegations in Paragraph 47 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 47 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute.

48. The allegations in Paragraph 48 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 48 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute.

49. The allegations in Paragraph 49 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 49 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute.

50. DEV admits the allegations in the last sentence of Paragraph 50. The remaining allegations in Paragraph 50 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 50 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statutes.

51. The allegations in Paragraph 51 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 51 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statutes.

52. The allegations in Paragraph 52 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 52 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute.

53. The allegations in Paragraph 53 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that

Paragraph 53 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statutes.

54. The allegations in Paragraph 54 are conclusions of law and purport to characterize the ESA and agency guidance (the ESA Section 7 Consultation Handbook, or "Handbook"), which speak for themselves. To the extent a response is required, DEV denies that Paragraph 54 completely and accurately characterizes and describes the ESA, its implementing regulations, guidance, or case law, and denies any allegations inconsistent with the cited Handbook.

55. The allegations in Paragraph 55 are conclusions of law and purport to characterize the ESA, its implementing regulations, and Federal Register preamble text from a 1986 ESA rulemaking, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 55 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited regulation or preamble.

56. The allegations in Paragraph 56 are conclusions of law and purport to characterize the ESA and agency guidance (Handbook), which speak for themselves. To the extent a response is required, DEV denies that Paragraph 56 completely and accurately characterizes and describes the ESA, its implementing regulations, guidance, or case law, and denies any allegations inconsistent with the cited statute or Handbook.

57. The allegations in Paragraph 57 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 57 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute.

58. The allegations in Paragraph 58 are conclusions of law and purport to characterize the ESA and its implementing regulations, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 58 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited regulations. DEV specifically denies Plaintiffs' allegation in the second sentence of Paragraph 58 that, under 50 C.F.R. § 402.02, "[c]umulative effects include those of other federal actions", and specifically denies Plaintiffs' impermissible attempt to graft that text onto the actual regulatory text quoted in that sentence.

59. The allegations in Paragraph 59 are conclusions of law and purport to characterize the ESA and its implementing regulations, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 59 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute or regulation.

60. The allegations in Paragraph 60 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 60 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute.

61. The allegations in Paragraph 61 are conclusions of law and purport to characterize the ESA and its implementing regulations, which speaks for themselves. To the extent a response is required, DEV denies that Paragraph 61 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statutes and regulation.

62. The allegations in the first sentence of Paragraph 62 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 62 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute. Further, the allegations in the second sentence of Paragraph 62 consist of Plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, DEV denies the allegations. The allegations in the third sentence of Paragraph 62 are conclusions of law; to the extent a response is required, DEV denies the allegations.

63. DEV admits that President Biden issued Executive Order 14008 on January 27, 2021. The remaining allegations in Paragraph 63 purport to characterize Executive Order 14008, which speaks for itself and is the best evidence of its contents. To the extent a response is required, DEV denies any allegation inconsistent with that document.

64. DEV admits that CVOW is a federally approved offshore wind project. The remaining allegations in Paragraph 64 are vague and purport to characterize an agency fact sheet and the Final EIS, which speak for themselves and are the best evidence of their contents. To the extent a response is required, DEV denies any allegation inconsistent with those documents.

65. DEV admits the allegations in Paragraph 65, except to state that the CVOW lease area is approximately 27 miles off the coast of Virginia Beach, Virginia.

66. The allegations in Paragraph 66 purport to characterize NEPA, various draft or final EISs, and various applications to NMFS, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 66 completely and accurately characterizes and describes NEPA and the referenced documents, and denies any allegations inconsistent with NEPA or those documents.

67. DEV admits that NARW are a listed endangered species under the ESA. DEV denies the allegations in the final sentence of Paragraph 67. The remaining allegations in Paragraph 67 reference a map and various approvals, which speak for themselves, or are vague and DEV is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the allegations.

68. DEV denies the allegations in Paragraph 68.

69. The allegations in Paragraph 69 purport to characterize a draft agency strategy document, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 69 completely and accurately characterizes and describes that document, and denies any allegations inconsistent with that document. DEV further responds that this document was revised, finalized, and released on January 25, 2024.

70. DEV admits the allegations in Paragraph 70.

71. The allegations in Paragraph 71 purport to characterize a comment letter submitted by certain Plaintiffs to BOEM, which speaks for itself. To the extent a response is required, DEV denies the allegations, including the purported allegations in the comment letter. DEV further disputes the sufficiency of Paragraph 71's purported "incorpor[ation] . . . by reference" of the comment letter into the Complaint.

72. DEV admits the allegations in Paragraph 72, except to further state that NMFS and other relevant agencies provided all required concurrences on each of the referenced five mitigation plans prior to commencement of pile-driving activities.

73. The allegations in Paragraph 73 purport to characterize the BiOp and COP, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 73

completely and accurately characterizes and describes those documents, and denies any allegations inconsistent with those documents.

74. The allegations in Paragraph 74 purport to characterize the BiOp, which speaks for itself.  To the extent a response is required, DEV denies that Paragraph 74 completely and accurately characterizes and describes that document, and denies any allegations inconsistent with that document.

75. DEV states that BOEM and NMFS issued a joint ROD dated October 30, 2023, for CVOW based on the Final EIS.

76. The allegations in Paragraph 76 are conclusions of law, reference a notice submitted by certain Plaintiffs, which speaks for itself, or are vague and DEV is without knowledge or information sufficient to form a belief as to their truth.  To the extent a response is required, DEV denies the allegations.

77. DEV states that on January 28, 2024, BOEM issued its approval of the COP for CVOW, and that the approval documents speaks for themselves.

78. DEV admits that on NMFS issued a Letter of Authorization ("LOA") under the Marine Mammal Protection Act effective February 5, 2024, for a five-year period, and states that the LOA speaks for itself.

79. The allegations in Paragraph 79 are conclusions of law, reference a notice submitted by certain Plaintiffs, which speaks for itself, or are vague and DEV is without knowledge or information sufficient to form a belief as to their truth.  To the extent a response is required, DEV denies the allegations.

80. DEV admits that its counsel represented to counsel for Plaintiffs that DEV's planned start date for wind turbine generator foundation pile driving was no earlier than May 1,

2024, consistent with public information already available to Plaintiffs for months in the COP, Final EIS, BiOp, and other public documents, and consistent with the time of year when NARW are expected to be absent near the CVOW lease area. DEV further responds that DEV's counsel represented to Plaintiffs' counsel that DEV would obtain all required agency concurrences on plans necessary to begin pile driving before doing so. DEV further responds that NMFS and other relevant agencies provided all required concurrences on each of the referenced five mitigation plans prior to commencement of pile-driving activities. DEV denies the remaining allegations in Paragraph 80.

81. DEV incorporates in full by reference its answers to Paragraphs 1 through 80.

82. DEV denies the allegations in Paragraph 82.

83. The allegations in Paragraph 83 are conclusions of law and purport to characterize NEPA and its implementing regulations, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 83 completely and accurately characterizes and describes NEPA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited statute and regulations.

84. DEV denies the allegations in Paragraph 84.

85. DEV denies the allegations in Paragraph 85.

86. DEV incorporates in full by reference its answers to Paragraphs 1 through 85.

87. The allegations in Paragraph 87 are conclusions of law and purport to characterize the ESA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 87 completely and accurately characterizes and describes the ESA, its implementing regulations, or case law, and denies any allegations inconsistent with the ESA.

88. The allegations in Paragraph 88 purport to characterize the BiOp, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 88 completely and accurately characterizes and describes the BiOp, and denies any allegations inconsistent with that document.

89. The allegations in Paragraph 89 purport to characterize the BiOp, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 89 completely and accurately characterizes and describes the BiOp, and denies any allegations inconsistent with that document.

90. The allegations in Paragraph 90 purport to characterize the BiOp, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 90 completely and accurately characterizes and describes the BiOp, and denies any allegations inconsistent with that document.

91. DEV denies the allegations in Paragraph 91.

92. DEV denies the allegations in Paragraph 92.

93. DEV denies the allegations in Paragraph 93.

94. DEV denies the allegations in Paragraph 94.

95. DEV denies the allegations in Paragraph 95.

96. The allegations in Paragraph 96 are conclusions of law, reference notices submitted by certain Plaintiffs, which speak for themselves, or are vague and DEV is without knowledge or information sufficient to form a belief as to their truth. To the extent a response is required, DEV denies the allegations, including the purported allegations in the notices.

97. DEV denies the allegations in Paragraph 97.

98. DEV incorporates by reference its answers to Paragraphs 1 through 97.

99. The allegations in Paragraph 99 are conclusions of law and purport to characterize the ESA and the BiOP, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 99 completely and accurately characterizes and describes the ESA, its implementing regulations, case law, and the BiOp, and denies any allegations inconsistent with the ESA and the BiOp.

100. DEV denies the allegations in Paragraph 100.

101. DEV denies the allegations in Paragraph 101.

102. DEV denies the allegations in Paragraph 102.

103. DEV incorporates in full by reference its answers to Paragraphs 1 through 102.

104. The allegations in Paragraph 104 are conclusions of law and purport to characterize the APA, which speaks for itself. To the extent a response is required, DEV denies that Paragraph 104 completely and accurately characterizes and describes the APA, its implementing regulations, and case law, and denies any allegations inconsistent with the cited statute.

105. The allegations in Paragraph 105 are conclusions of law and purport to characterize the APA and case law, which speak for themselves. To the extent a response is required, DEV denies that Paragraph 104 completely and accurately characterizes and describes the APA, its implementing regulations, or case law, and denies any allegations inconsistent with the cited statute and case law.

106. DEV denies the allegations in Paragraph 106.

107. DEV denies the allegations in Paragraph 107.

108. DEV denies the allegations in Paragraph 108.

109. DEV denies the allegations in Paragraph 109.

110.     DEV denies the allegations in Paragraph 110.

The remainder of Plaintiffs' Complaint consists of their prayer for relief, which requires no response.  To the extent a response is required, DEV denies that Plaintiffs are entitled to the relief they seek, or to any relief whatsoever, from this Court.

## GENERAL DENIAL

DEV denies each and every allegation in the Complaint that DEV has not expressly admitted, specifically answered, or responded to herein.

## AFFIRMATIVE DEFENSES

DEV reserves the right to raise any additional defenses in law or equity.  At this time, DEV specifically pleads the following affirmative defenses to the Complaint:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### SECOND DEFENSE

Plaintiffs' claims are barred by lack of standing.

### THIRD DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs' claims are barred by lack of administrative finality.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

<u>SEVENTH DEFENSE</u>

Plaintiffs' claims are barred by the doctrine of waiver.

<u>EIGHTH DEFENSE</u>

Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

<u>NINTH DEFENSE</u>

Plaintiffs' claims are barred by failure to satisfy conditions precedent.

Dated: May 23, 2024                              Respectfully submitted,

  /s/ *James M. Auslander*
JAMES M. AUSLANDER
D.C. Bar No. 974898
HILARY T. JACOBS
D.C. Bar No. 1021353
JULIUS M. REDD
D.C. Bar No. 1025695
Beveridge & Diamond, PC
1900 N Street, NW, Suite 100
Washington, D.C. 20036
Telephone: 202-789-6000
Fax: 202-789-6190
jauslander@bdlaw.com
hjacobs@bdlaw.com
jredd@bdlaw.com

*Counsel for Virginia Electric and Power Company, d/b/a Dominion Energy Virginia*

19

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Dominion Energy Virginia's Answer to First Amended Complaint has been served upon all counsel of record through the CM/ECF electronic filing system on May 23, 2024.

                                              */s/ James M. Auslander*
                                              JAMES M. AUSLANDER